IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEJANDRO GARCIA-JACOBO,

        Petitioner,

v.

RICHARD IVES, Warden, FCI Sheridan,

        Respondent.

Case No. 3:15-cv-02420-MA

OPINION AND ORDER

MARK P. AHLEMEYER
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

BILLY J. WILLIAMS
United States Attorney
District of Oregon
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

MARSH, Judge

Petitioner Alejandro Garcia-Jacobo, an inmate formerly housed at Federal Correctional Institution ("FCI") Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is construed as motion under 28 U.S.C. § 2255 and transferred to the United States District Court for the Central District of California.

## BACKGROUND

Petitioner, a citizen of Mexico, was brought to the United States as a child by his parents. Petitioner is not a lawful permanent resident. In 1997, Petitioner pleaded guilty to assault with a deadly weapon. At the time, the conviction was a felony, but in 2001, the conviction was reduced to a misdemeanor. Resp't Ex. 3 at 7, ECF No. 12 (filed under seal). In 2003, Petitioner pleaded guilty to felon in possession of a firearm in violation of CAL. PENAL CODE § 12021(a)(1). Pet'r's Ex. 2, ECF No. 15. According to Petitioner, the predicate felony was the 1997 assault charge, which had been reduced to a misdemeanor. In 2006, Petitioner again was charged with being a felon in possession of a firearm in violation of § 12021(a)(1). Petitioner pleaded guilty to the 2006 charge and was sentenced to 16 months imprisonment. Pet'r's Ex. 4.

Upon his release in December 2006, Petitioner was administratively deported by Immigration and Customs Enforcement ("ICE") for being an "aggravated felon" pursuant to 8 U.S.C. § 1228(b). The "aggravated felony" was the 2006 felon in possession of a firearm conviction under CAL. PENAL CODE § 12021(a)(1). Pet'r's Ex. 5 & 6. Petitioner returned to the United States in 2007. In April 2008, Petitioner was located in the United States and his 2006 administrative removal was reinstated and he was deported. Pet'r's Ex. 8 & 9.

In January 2010, petitioner was found in the United States and charged in the Central District of California with illegal reentry in violation of 8 U.S.C. § 1326. *United States v. Garcia-Jacobo*, 2:10-cr-00192-GHK. Resp't Ex. 1, ECF No. 9. Petitioner pleaded guilty to the illegal reentry charge and was sentenced to 30 months imprisonment to be followed by a three-year term of supervised release. Resp't Ex. 4 at 9. After serving the custodial portion of his sentence, Petitioner was deported on April 13, 2012.

Petitioner again was found in the United States in May 2012 and charged in the Southern District of California with illegal reentry in violation of 8 U.S.C. § 1326. *United States v. Garcia-Jacobo*, 3:12-cr-01894-W. Resp't Ex. 2. Petitioner pleaded guilty and was sentenced to 24 months imprisonment followed by a three-year term of supervised released. After Petitioner served the custodial portion of his 2012 sentence, the Central District of California revoked his supervised release on the 2010 illegal reentry conviction and sentenced him to 24 months with no supervision to follow. Resp't Ex. 5.

On April, 2013, the Supreme Court issued its decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). In that case, the Court concluded that a prisoner's conviction for marijuana possession with intent to distribute under a Georgia statute was not a categorical match for a felony conviction under 8 U.S.C. § 1227(a)(2)(C), therefore, the prisoner was not deportable as an aggravated felon. *Id.* at 1693-94.

On June 17, 2014, the Ninth Circuit extended the rationale in *Moncrieffe* to invalidate a conviction for illegal reentry. *United States v. Aguilera-Rios*, 769 F.3d 626, 633, 637 (9th Cir. 2014). In that case, Jorge Aguilera-Rios challenged his 2011 illegal reentry conviction, contending that his 2005 prior removal order was invalid because his conviction under CAL. PENAL CODE §

3 - OPINION AND ORDER

12021(c)(1) was not a "categorical match" for the firearms offense under 8 U.S.C. § 1227(a)(2)(C) under *Moncrieffe*. The Ninth Circuit agreed, and concluded that Aguilera-Rios was not removable as an "aggravated felon" in 2005, and therefore, invalidated his 2011 illegal reentry conviction. *Id.* at 637.

Petitioner did not directly appeal his 2010 or 2012 convictions, but did appeal the revocation of his supervised release on his 2010 illegal reentry conviction out of the Central District of California. The Ninth Circuit issued its decision in *Aguilera-Rios* while Petitioner's supervised release violation appeal was pending. In his briefing to the Ninth Circuit, Petitioner argued that *Aguilera-Rios* invalidated his 2006 removal and consequently, invalidated his 2010 and 2012 illegal reentry convictions. On March 26, 2015, the Ninth Circuit issued a memorandum decision affirming Petitioner's supervised release revocation and sentence. Resp't Ex. 8 at 2; *United States v. Garcia-Jacobo*, 599 Fed. App'x 669 (9th Cir. 2015).

On December 29, 2015, Petitioner filed the current habeas corpus petition pursuant to the savings clause of 28 U.S.C. § 2241. Petitioner seeks to vacate his 2010 and 2012 illegal reentry convictions, contending they were premised on a now faulty 2006 administrative removal under *Aguilera-Rios*. Respondent contends that Petitioner's claims should be denied because he cannot establish the § 2241 savings clause criteria, and consequently, this court lacks jurisdiction.[1]

---

[1] On February 17, 2016, Petitioner was released from the Bureau of Prisons' ("BOP") custody to Immigration and Customs Enforcement ("ICE") custody on an immigration detainer. As Petitioner correctly indicates, he still satisfies the "in custody" requirement. *See United States v. Reves*, 774 F.3d 562, 564-65 (9th Cir. 2014) (noting "in custody" requirement is jurisdictional and applies at the time the petition is filed). Petitioner's release to ICE custody does not deprive this Court of jurisdiction or moot Petitioner's habeas proceeding. *See Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003) (holding a prisoner's deportation does not deprive the district court of jurisdiction so long as he was in custody at time petition was filed and continues to suffer actual collateral consequences). At the time he filed his current action, Petitioner was in

4 - OPINION AND ORDER

## DISCUSSION

### I. Petitioner's § 2241 Action is a Disguised § 2255 Action

As an initial matter, I must determine whether Petitioner's action is a disguised § 2255 or whether he is entitled to bring his claims pursuant to § 2241. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Section 2255 typically provides the exclusive procedural mechanism for a federal prisoner to challenge the legality of his detention. *Muth*, 676 F.3d at 818; *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

However, § 2255 provides an exception: a federal prisoner may file a § 2241 petition to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This exception is referred to as the "savings clause" or the "escape hatch." *Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n. 2. A prisoner may file a § 2241 petition under the savings clause when he "'(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural

---

custody at FCI Sheridan on the supervised release violation of his Central District of California conviction and he is subject to supervised release on his 2012 illegal reentry conviction. Although Petitioner is no longer in BOP custody, Petitioner remains subject to collateral consequences sufficient to satisfy the "in custody" requirement. Respondent does not contend otherwise.

5 - OPINION AND ORDER

shot at presenting that claim.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 898).

To demonstrate actual innocence under the first prong of the savings clause, a petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To demonstrate that the petitioner has not had an unobstructed procedural shot under the second prong, the court will consider "'(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'" *Alaimalo*, 645 F.3d at 1047 (quoting *Harrison*, 519 F.3d at 960).

Even if Petitioner could demonstrate that he is factually innocent of illegal reentry,[2] Petitioner has failed to demonstrate that he lacks an unobstructed opportunity to present his claim. Petitioner contends that he satisfies the second prong of the saving clause because the legal basis for his claim did not exist until the Ninth Circuit's opinion in *Aguilera-Rios*, and therefore, he could not have asserted it on direct appeal or in § 2255 motions. According to Petitioner, by the time his legal claim arose, he was time-barred from bringing a § 2255 motion, and therefore, he should be permitted to assert his claims pursuant to the savings clause of § 2241. I disagree.

As Petitioner correctly indicates, the Ninth Circuit has permitted use of the savings clause where the controlling Ninth Circuit law has changed years after a petitioner's conviction has become final. However, in such cases, the petitioners had previously appealed their convictions and filed

---

[2] Petitioner and Respondent dispute whether Petitioner can establish the first prong of the savings clause. Because Petitioner cannot establish the second prong, I decline to address their arguments concerning the actual innocence prong.

6 - OPINION AND ORDER

§ 2255 motions. For example, in *Alaimalo*, the court determined that the petitioner was actually innocent of importing methamphetamine from California to Guam, conduct that the Ninth Circuit recently had determined was not a crime, and a fact the respondent did not contest. *Alaimalo*, 645 F.3d at 1047. *See United States v. Cabaccang*, 332 F.3d 622, 623 (9th Cir. 2003) (*en banc*) (holding that transporting drugs through international airspace between California and Guam was not "importation," overruling prior precedent). In *Alaimalo*, the Ninth Circuit concluded that the petitioner did not have an unobstructed shot at presenting his actual innocence claim because *Cabaccang* effected a material change in the law and the claim was not available until *Cabaccang* was decided long after the petitioner exhausted his direct appeal and § 2255 motion. *Alaimalo*, 645 F.3d at 1048.

Likewise, the District of Oregon permitted a petitioner to utilize the savings clause years after his conviction became final in *Summers v. Feather*, 119 F.Supp.3d 1284, 1290 (D. Or. 2015). In *Summers*, the Honorable Marco Hernandez adopted a recommendation from the Honorable Magistrate Judge Patricia Sullivan who concluded that the petitioner could utilize the escape hatch of § 2255(e) to demonstrate that he was erroneously classified as an armed career criminal under *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Summers*, the respondent conceded that the petitioner's sentence exceeded the applicable sentencing maximum, was fundamentally defective, and thus satisfied the actual innocence criteria of savings clause jurisdiction. *Summers*, 119 F.Supp.3d at 1290. Again, the petitioner in *Summers* had previously filed a § 2255 motion, and therefore established that he did not have an unobstructed procedural shot at presenting his actual innocence claim under *Descamps* and *Johnson*.

7 - OPINION AND ORDER

However, unlike *Alaimalo* and *Summers*, Petitioner concedes that he failed to directly appeal his illegal reentry convictions and previously has not filed § 2255 motions in either case. *See Harrison*, 519 F.3d at 960 (stating that a petitioner must have "exhausted his direct appeal and first § 2255 motion" to satisfy the second prong of the savings clause).

Additionally, Petitioner does not cite, nor has my research disclosed, a case utilizing *Aguilera-Rios* to open the escape hatch where the petitioner has not previously filed a § 2255 motion. To be sure, where petitioners attempt to assert savings clause jurisdiction absent filing direct appeals or previous § 2255 motions, other district courts in this Circuit routinely have declined to find § 2255 inadequate or ineffective. *See Blanche v. United States*, No. CV 14-9145-JAK (AGR), 2015 WL 391724 (C.D. Cal. Jan. 27, 2015) (prisoner could not show § 2255 inadequate or ineffective where she had not filed prior § 2255 in the sentencing court); *Carlisle v. United States*, No. CV 12-07419-DOC (MLG), 2012 WL 7071666, *4 (C.D. Cal. Nov. 9, 2012) (finding prisoner did not have unobstructed procedural shot to assert *Bailey* claim where prisoner did not file previous § 2255 claim); *Diaz v. United States*, No. CV F 07-01276 LJO WMW HC, 2009 WL 541573, *3-4 (E.D. Cal. March 4, 2009) (finding the petitioner did not show he never had an obstructed procedural shot where he did not appeal conviction or file previous § 2255 motion).

Moreover, simply because a prisoner may be time-barred or may otherwise be procedurally barred from bringing a claim does not render § 2255 "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."); *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (stating ban on successive § 2255 petitions "does not per se make § 2255 'inadequate or ineffective'"); *accord*

8 - OPINION AND ORDER

*Abudullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) ("Abdullah's failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction."); *Cradle v. United States ex rel Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirement of the amended § 2255."); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (holding that § 2255 remedy is not "inadequate or ineffective" because it is barred by the applicable statute of limitations).

Lastly, this case presents a unique factual situation. Although the legal basis for Petitioner's current actual innocence claim did not arise until after *Aguilera-Rios* was decided, Petitioner has known of a factual basis for his actual innocence claim since 2001. As Petitioner admits in his briefing, Petitioner's two felon in possession convictions under CAL. PENAL CODE § 12021(a)(1) are premised on a 1997 felony that was reduced to a misdemeanor in 2001. Pet'r's Mem. Supp. at 3-4. Thus, Petitioner asserts that he should not have been convicted of violating § 12021(a)(1) in the first instance. It does not appear from the record before me that Petitioner asserted these facts during his administrative removal in 2006, during his illegal reentry proceedings in 2010 or 2012, on direct appeal of those convictions, or in a previous § 2255 motion. I highlight these facts only to underscore why I am reluctant to rule on the merits of a conviction and sentence not imposed by this Court and which has never been challenged in the court entering the judgment.

In short, I conclude that Petitioner has failed to demonstrate that he has not had an unobstructed procedural shot at presenting his claim and the savings clause of 28 U.S.C. § 2255(e)

9 - OPINION AND ORDER

does not apply. Accordingly, the petition is properly construed as a § 2255 motion, and as the custodial court, this Court lacks jurisdiction over the petition. *Hernandez*, 204 F.3d at 864-65.

## II. Transfer of the Petition

The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz–Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Hernandez*, 204 F.3d at 865 n. 6 (28 U.S.C. § 1631 allows transfer of § 2255 motion to cure want of jurisdiction).

As discussed above, the District of Oregon, as the custodial court, lacks jurisdiction over Petitioner's § 2255 petition. The transferee court, the Central District of California, could have exercised jurisdiction over the petition at the time it was filed on December 29, 2015. As the sentencing court on Petitioner's 2010 illegal reentry conviction and subsequent supervised release violation, the Central District of California could hear Petitioner's attack on his 2010 conviction and sentence through a § 2255 motion. *See* 28 U.S.C. § 2255(a).

Although Petitioner states that he believes his action is time-barred, I note that the federal habeas statute of limitations is akin to an affirmative defense and is not jurisdictional. *Day v. McDonough*, 547 U.S. 198, 209 (2006). The one-year statute of limitations in § 2255(f) runs from the latest of four triggering dates, including: the date direct review becomes final, an unlawful impediment to filing is removed, a new constitutional right is made retroactively applicable, or the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A petitioner may invoke equitable tolling to extend

10 - OPINION AND ORDER

the one-year statute of limitations in § 2255 motions. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (finding equitable tolling applies in § 2255 context). Moreover, credible claims of actual innocence may toll the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding that actual innocence, if proved, may overcome the one-year statute of limitations in the AEDPA); *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (same); *see also Holland v. Florida*, 560 U.S. 631, 632 (2010) ("[E]quitable principles have traditionally governed the substantive law of habeas corpus[.]") (internal quotations and citations omitted).

Additionally, because Petitioner has not previously filed a § 2255 action, the instant proceeding is not a successive or second § 2255 motion that would deprive the Central District of California of jurisdiction. *See* 28 U.S.C. § 2255(h) (providing that successive § 2255 petition must be authorized by a panel from the appropriate court of appeals).

Finally, a transfer is in the interest of justice. *See Cruz-Aguilera*, 245 F.3d at 1074. This court lacks jurisdiction to hear Petitioner's initial § 2255 attack on the legality of his sentence. In this case, transfer of the case serves the interests of justice by preventing an unnecessary delay caused by requiring Petition to re-file in the Central District of California. Thus, transfer of the petition satisfies 28 U.S.C. § 1631.

////

////

////

////

////

////

11 - OPINION AND ORDER

## **CONCLUSION**

For the foregoing reasons, pursuant to 28 U.S.C. § 1631, and in the interests of justice, the Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

DATED this **22** day of JULY, 2016.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

12 - OPINION AND ORDER